No. 253

BARKER v. HAMILTON (City) et

No. 19433.  Supreme Court

On motion to order Butler Appeals to certify. Dock. Nov. 20, 1925; 3 Abs. 738.

**870.  ORDINANCE—Where city council passes ordinance affirming contract with public utility for distribution of gas in the city, and when prior to the passage a petition had been filed, signed by the necessary number of electors for a different contract, is power for passing ordinance suspended by the filing of such petition?**

**639.  INJUNCTION—Under these circumstances did the court err in refusing to grant an injunction restraining such passage on the ground that no adequate remedy existed at law?**

This original action was one in which Frank Barker sought to enjoin the city of Hamilton from passing an ordinance making a contract with a public utility to furnish gas to the inhabitants of the city for a period of ten years.

It was claimed that prior to the passage of such ordinance there had been filed a petition by the electors of the city to submit an ordinance providing for a contract between the city and another public utility for the purchase by said city of gas to be used through the distribution system belonging to the city, for the inhabitants thereof.  The cause was appealed from the Butler Common Pleas to the Court of Appeals refusing an injunction and dissolving a temporary restraining order theretofore granted.

On motion to certify in the Supreme Court, it is claimed by Barker that this ordinance was void because the power to pass same had been

suspended by the filing of an initiative petition containing the same matter and inconsistent therewith; that the ordinance contains more than one subject; that called for bids and the advertisement therefor provided the bidder should make extensions as ordered by the city and terms under which such extensions were to be paid for at the expiration of the contract provided there was no renewal; whereas the contract submitted by the public utility provided it "may make such other extensions as it deems proper" and by a certain paragraph obligated the city to purchase all of the extensions and additions.

It is contended that a construction of section 4 and 5 of Article 18 of the Constitution of Ohio is necessary; and also of 4311, 3698, and 3699 GC. The question is raised as to whether the contract ordinance submitted as the Gas Company's bid is such a deviation from the ordinance and advertisement calling for bids as to be illegal for that reason alone.

It is claimed by Barker that the Court of Appeals was in error in dissolving the injunction because it found that it had no power or authority to restrain the city council from proceeding to act upon the ordinance and from voting upon same for the reason that this proceeding is prematurely brought and at this time there is no adequate remedy at law. The court though not writing an opinion stated that the taxpayer could invoke the right of referendum. It is claimed this is error for if the referendum were defeated the alleged illegal ordinance contract would nevertheless stand.

Attorneys—Shotts & Millikin, Hamilton, and Murray Seasongood, Cincinnati, for Barker; Warren Gard, Hamilton, for City et.